UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALFRED J. GANT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-CV-2119 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On October 27, 2005, this court entered an Order (#11) which reopened this case and allowed Petitioner, Alfred J. Gant, to file an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. On November 28, 2005, Petitioner filed his Amended Motion under 28 U.S.C. § 2255 (#12). On January 27, 2006, the Government filed its Response to the Amended Motion (#13). Following this court's careful consideration of Petitioner's Amended Motion and the Government's Response, this court GRANTS Petitioner's Amended Motion.

## BACKGROUND

On May 22, 2003, Petitioner was charged by indictment with the offense of unlawful possession of a firearm by a felon. The case proceeded to a jury trial on November 12, 2003. On November 19, 2003, the jury returned a verdict finding Petitioner guilty of the charged offense. Petitioner's sentencing commenced on February 27, 2004, and concluded on April 1, 2004. Petitioner faced a mandatory minimum sentence of 15 years because he had four prior convictions for a violent felony or serious drug offense. See 18 U.S.C. § 924(e)(1). This court also found Petitioner to be an armed career criminal under the United States Sentencing Guidelines. Under the Sentencing Guidelines, Petitioner had an offense level of 33 and a criminal history category of IV so that his Guideline sentencing range was 188 to 235 months. This court sentenced Petitioner to

a term of 188 months in the Federal Bureau of Prisons. At sentencing, this court stated that it accepted the testimony of the witnesses called by Petitioner and recognized that Petitioner had become a rehabilitated person following his release from the Illinois Department of Corrections in 1995. This court further recognized, however, that it was bound by the Sentencing Guidelines so that "the Court's hands are tied somewhat." This court imposed the minimum sentence allowed by the Sentencing Guidelines, 188 months.

Petitioner filed a timely Notice of Appeal on April 9, 2004. On April 14, 2004, this court granted Petitioner's Motion for Appointment of Counsel. Attorney Carol A. Dison, who had been retained by Petitioner and represented him at trial and at sentencing, was appointed to represent him on appeal. On June 24, 2004, while Petitioner's case was pending before the Seventh Circuit Court of Appeals, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). Subsequently, on July 9, 2004, the Seventh Circuit decided United States v. Booker, 375 F.3d 508 (7th Cir. 2004). The Seventh Circuit stated in Booker that the Supreme Court's decision in Blakely "dooms the guidelines insofar as they require that sentences be based on facts found by a judge." Booker, 375 F.3d at 511. The Seventh Circuit then concluded that the Sentencing Guidelines "violate the Sixth Amendment as interpreted by Blakely." Booker, 375 F.3d at 513. The Seventh Circuit noted that this may mean that the Guidelines "must fall." Booker, 375 F.3d at 514-15.

The Supreme Court granted certiorari and decided Booker on January 12, 2005. United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court issued two separate majority opinions. The first held that Blakely applied to the Sentencing Guidelines. Booker, 543 U.S. at 243-44. The second, remedial decision held that the provision of the federal sentencing statute that made the Sentencing Guidelines mandatory was severable and "must be severed and excised." Booker 543 U.S. at 245. The Court stated that without the "mandatory" provision, "the Act nonetheless requires judges

to take account of the Guidelines together with other sentencing goals." Booker, 543 U.S. at 259. District courts, therefore, are no longer bound to apply the Guidelines, but must consult the Guidelines and take them into account when sentencing. Booker, 543 U.S. at 264. Accordingly, the decision in Booker changed "the degree of flexibility judges . . . enjoy in applying the guideline system." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), cert. denied, 125 S. Ct. 2559 (2005). The Court in Booker specifically stated that both of its holdings must be applied to all cases on direct review. Booker, 543 U.S. at 268.

On February 1, 2005, the Seventh Circuit affirmed Petitioner's conviction. United States v. Gant, 396 F.3d 906 (7th Cir. 2005). On appeal, Petitioner raised only evidentiary issues, which were rejected by the Seventh Circuit. On February 17, 2005, Petitioner's counsel filed a Petition for Rehearing with the Seventh Circuit. In this Petition, counsel argued only that, based upon the Supreme Court's decision in Booker, the Sentencing Guidelines are no longer mandatory and the sentencing judge would be free to sentence Petitioner to the mandatory minimum sentence of 180 months. Counsel argued that the difference between 180 months and 188 months could have a profound effect on Petitioner, who was 57 years old at the time of sentencing. Counsel asked that the case be remanded for resentencing based upon Booker. The Seventh Circuit denied the Petition for Rehearing on March 10, 2005.

On May 18, 2005, Petitioner filed a pro se Motion under § 2255 to Vacate, Set Aside or Correct Sentence (#1). Petitioner argued that he should not have been sentenced as an armed career criminal because he did not have the predicate convictions due to the fact that his civil rights had been restored as to two of his prior state court convictions. Petitioner also argued that he was denied his Sixth Amendment right to have all previous convictions proved beyond a reasonable doubt at sentencing. On June 17, 2005, the Government filed its Response (#5) to Petitioner's Motion. The

3

Government argued that, because Petitioner did not raise his argument that he did not have the necessary convictions to qualify him for sentencing as an armed career criminal at sentencing or on direct appeal, the issue was procedurally defaulted. The Government also argued that Petitioner's second argument, which appeared to be based upon Booker, was similarly procedurally defaulted. The Government further noted that, in any case, "the fact of a prior conviction" falls outside the rule that facts increasing a sentence beyond the applicable statutory maximum must be proved to a jury beyond a reasonable doubt. On June 30, 2005, Petitioner filed a Reply (#6). Petitioner noted that his counsel had raised a Booker issue in his petition for rehearing before the Seventh Circuit. Petitioner argued that he should not be precluded from raising his arguments in a § 2255 Motion because he had ineffective assistance of counsel at sentencing and on appeal.

On July 18, 2005, this court entered an Order (#7) and denied Petitioner's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence. This court agreed with the Government that Petitioner's claims were procedurally defaulted because they were not raised in his direct appeal. This court noted that Petitioner raised an additional claim of ineffective assistance of counsel in his Reply. This court concluded, however, that an argument not made in a § 2255 petitioner's initial brief should be considered waived.

On July 28, 2005, Petitioner filed a Motion for Rehearing (#9). Petitioner argued that this court should have allowed him to amend his Motion to add the issue of ineffective assistance of counsel because such an amendment would have been timely as it was still within the one-year time frame for filing a Motion under § 2255. Petitioner asked this court to reopen the case and allow him to amend his § 2255 Motion to add the issue of ineffective assistance of counsel. The Government did not file a Response to Petitioner's Motion for Rehearing.

As noted previously, this court subsequently entered an Order (#11) which granted

Petitioner's Motion for Rehearing, reopened the case, and allowed Petitioner to file an Amended Motion to Vacate, Set Aside, or Correct Sentence. This Amended Motion is now before this court for ruling.

ANALYSIS

In his Amended Motion (#12), Petitioner first argued that his trial counsel was ineffective for failing to investigate and challenge his prior convictions at sentencing. Petitioner's second argument was that this court improperly made a factual finding at sentencing that Petitioner had the requisite three previous convictions so that he was subject to a mandatory minimum sentence under 18 U.S.C. § 924(e)(1). Petitioner relied on United States v. Ngo, 406 F.3d 839, 841 (7th Cir. 2005). Petitioner's third argument was that his trial counsel was ineffective on direct appeal for failing to raise a Booker argument prior to the petition for rehearing. Petitioner contended that, if counsel would have raised a Booker challenge to his sentence on direct appeal, the Seventh Circuit would have remanded the case for further proceedings.

On January 27, 2006, the Government filed its Response to Petitioner's Amended Motion under 28 U.S.C. § 2255 (#13). The Government argued that Petitioner did not offer a shred of evidence in support of his argument that his prior convictions were improperly used to establish that he was an armed career criminal under 18 U.S.C. § 924 (e). This court agrees with the Government on this point. The presentence investigation report clearly set out four qualifying convictions, only three of which were necessary to establish Petitioner's status as an armed career criminal. At the sentencing hearing, Vincent P. Kistner, the United States probation officer who prepared the report, stated that records of Champaign County documented these convictions. Petitioner's conclusory, unsupported assertion that his civil rights had been restored as to two of these convictions is insufficient to raise a viable claim under § 2255. See Prewitt v. United States, 83 F.3d 812, 819 (7th

Cir. 1996); United States v. Melvin, 78 F.3d 327, 329-30 (7th Cir. 1996).

The Government next argued that Petitioner's claim that this court engaged in prohibited fact-finding in determining that Petitioner was an armed career criminal is also meritless. This court agrees. Here, Petitioner was previously convicted under Illinois law of armed violence and twice convicted of aggravated battery. The nature of these offenses as charged and their elements unquestionably established that they were "violent" felonies under § 924(e). In addition, Petitioner was also convicted of unlawful possession with the intent to deliver and unlawful possession with the intent to manufacture a controlled substance. The nature of this offense and its elements also unquestionably established that it was a "serious drug offense" under § 924(e).

This court therefore concludes that Petitioner's reliance on Ngo is misplaced. In Ngo, the defendant argued that the district court's conclusion that he was a career offender "entailed finding facts beyond the 'fact of a prior conviction,' namely, that his prior convictions were not consolidated for sentencing or part of a common scheme or plan." Ngo, 406 F.3d at 842. The Seventh Circuit agreed that the issues of whether a case has been consolidated and whether prior crimes are part of a common scheme or plan were fact questions. Ngo, 406 F.3d at 842-43. The Seventh Circuit then concluded that, based upon the decision of the United States Supreme Court in Shepherd v. United States, 544 U.S. 13 (2005), the district court engaged in impermissible factfinding when it determined that the defendant's prior crimes were not part of a common scheme or plan. Ngo, 406 F.3d at 843-44. The Seventh Circuit noted that the "problem presented by Shepherd arises in cases like Ngo's where sentencing occurred under the mandatory guidelines system, but it will not arise in future guidelines cases in light of Booker's remedial opinion." Ngo, 406 F.3d at 843 n.1. In any event, this court agrees with the Government that, in Petitioner's case, this court found only the fact of Petitioner's prior convictions and did not engage in any type of impermissible factfinding under

Shepherd.

However, this court must agree with Petitioner regarding his third argument. The Government contends that Petitioner's trial counsel was not ineffective for failing to challenge his sentence under Booker. This court does not agree. This court has no doubt that, if Petitioner's counsel had raised a Booker argument during the pendency of Petitioner's direct appeal, the Seventh Circuit would have ordered a limited remand to this court as it did in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005).

In Paladino, the Seventh Circuit considered four separate cases which were consolidated for decision. The appeal in each case was filed prior to the Supreme Court's decision in Blakely, and no Sixth Amendment sentencing argument was made before the district court. The four cases were argued before the Seventh Circuit on the same day, following the Supreme Court's decision in Booker, and the effect of the Booker decision was argued in each case. See Paladino, 401 F.3d at 474. The Seventh Circuit stated that the key issue was "the application of the plain-error doctrine to appeals from sentences rendered under the federal sentencing guidelines before the Supreme Court ruled that they are advisory rather than mandatory." Paladino, 401 F.3d at 474. The Seventh Circuit concluded that the only practical way "to determine whether the kind of plain error argued in these cases has actually occurred is to ask the district judge." Paladino, 401 F.3d at 483. The Seventh Circuit, therefore, ordered "a limited remand to permit the sentencing judge to determine whether he would (if required to resentence) reimpose his original sentence." Paladino, 401 F.3d at 484.

In this case, if Petitioner's counsel had raised a Booker issue during the pendency of his appeal, rather than after the appeal had been decided in a petition for rehearing, a limited remand to this court would have been ordered. On limited remand, this court would have concluded, based

upon the statements made at Petitioner's sentencing, that it would not have imposed the same sentence if the court had known that the guidelines were advisory rather than mandatory. This court would have informed the Seventh Circuit of its desire to resentence Petitioner, and the Seventh Circuit would have vacated the sentence so that Petitioner could be resentenced by this court. See Paladino, 401 F.3d at 484.

Under Strickland v. Washington, 466 U.S. 668 (1984), a claim of ineffective assistance of counsel requires a showing that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 688, 692; United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005). This court concludes that Petitioner's counsel's failure to raise a Booker issue during the pendency of his appeal fell below an objective standard of reasonableness and further concludes that Petitioner was prejudiced by this failure because raising the issue would have resulted in resentencing by this court. Accordingly, this court agrees with Petitioner that his counsel was ineffective. This court concludes that Petitioner's Motion under 28 U.S.C. § 2255 must be granted on this basis. New counsel will be appointed to represent Petitioner and a hearing will be scheduled so that Petitioner can be resentenced by this court. This court notes that, at resentencing, it will still be bound by the mandatory minimum sentence of 15 years (or 180 months) under the statute. See 18 U.S.C. § 924(e)(1). However, because the guidelines are no longer mandatory, this court will be able to consider a sentence below the applicable guideline range of 188 to 235 months, subject to the statutory mandatory minimum of 180 months.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Amended Motion under § 2255 to Vacate, Set Aside, or Correct Sentence (#12) is GRANTED as to Petitioner's Booker claim.

    (2) This court hereby appoints Harvey Welch to represent Petitioner at resentencing.

    (3) A telephone status conference is scheduled for **1:45 p.m., April 21, 2006**, so that a sentencing hearing can be set.

    (4) This case is terminated.

ENTERED this 28th day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE